# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

In re:                              ) Case No. 16-23655-B-7
                                    )
COLUSA REGIONAL MEDICAL CENTER,     ) DC No. DNL-49
                                    )
                                    )
                    Debtor(s).      )
_____)

**MEMORANDUM DECISION**

Before the court is the *Trustee's Second and Final Application to Approve Trustee's Chapter 7 Compensation* ("Application") filed by the chapter 7 trustee. The chapter 7 trustee requests commission fees totaling $117,405.07 as the statutory maximum compensation under 11 U.S.C. § 326(a).

There are two objections to the Application: (1) the United States trustee filed an *Objection of the United States Trustee to the Chapter 7 Trustee's Second and Final Fee Application*; and (2) the United States, through the United States Attorney's Office on behalf of the United States Department of Agriculture ("USDA") and the Internal Revenue Service ("IRS"), filed a *United States' Objection to Trustee's Second and Final Application to Approve Trustee's Chapter 7 Compensation*. The objections are based on substantially the same grounds; however, they request dramatically different relief.[1]

---

[1] The United States Attorney's Office and the United States trustee are components of the United States Department of Justice. The United States' objection conflicts with the United States trustee's objection to the extent it seeks entirely different relief. In essence, the same agency has asserted conflicting positions on the same issue based on substantially the same conduct in the same case.

The United States trustee "requests that the Court (i) *reduce* the [chapter 7 trustee's] compensation request by $32,826.05, and (ii) approve the [chapter 7 trustee's commission] fees in the amount of no greater than $84,579.02." Docket 864 at 1:24-25 (emphasis added). The United States, on the other hand, asserts that "[t]he [chapter 7 trustee's] application for [commission] fees should be *denied*," docket 876 at 1:7 (emphasis added), and "the Court should *deny* the [chapter 7 trustee] any compensation." Id. at 21:2 (emphasis added).

The chapter 7 trustee filed responses to both objections. The chapter 7 trustee consents to the reduction in commission fees recommended by the United States trustee and opposes the United States' request for the court to deny all commission fees.

A hearing on the Application was held on September 28, 2021. Appearances were noted on the record. The court heard argument from parties who appeared, stated a tentative ruling on the record, and adopted its tentative ruling as its decision.

The court has reviewed the Application, objections, responses, and all related declarations and exhibits. The court has also heard and considered the arguments of counsel. And the court takes judicial notice of the docket. See Fed. R. Evid. 201(c)(1). The court issues this memorandum decision to supplement and elaborate on the oral decision stated on the record.[2] See Fed. R. Civ. P. 52(a); Fed. R. Bankr. P. 7052.

---

[2] If there are any conflicts between the court's oral statements and this memorandum decision, the latter controls. Playmakers LLC v. ESPN, Inc., 376 F.3d 894, 896 (9th Cir. 2004).

Discussion

The grounds for the United States trustee's recommended reduction in the chapter 7 trustee's commission fees and the United States' request to deny all commission fees are explained in the respective objections. The parties are intimately familiar with those grounds. They need not be repeated here except to the extent necessary for this memorandum decision.

The court initially reaffirms its decision to sustain the United States trustee's objection and overrule the United States' objection. The court also largely adopts the analysis and conclusions in the United States trustee's comprehensive and highly persuasive objection as the correct, reasonable, and rational approach to the chapter 7 trustee's request for commission fees under the facts of the this case. See U.S. v. 14.02 Acres of Land, 2004 WL 7337381 at *7 (E.D. Cal. June 21, 2004) ("The court is persuaded by the reasons articulated by the United States in its reply brief and adopts this analysis and conclusion."); Bayer AG v. Carlsbad Technology, Inc., 2001 WL 34125673 at *5 (S.D. Cal. Oct. 24, 2001) ("The court largely adopts the analysis in Bayer's highly persuasive and comprehensive opposition brief."); In re Brand Affinity Technologies, Inc., 2016 WL 8316889 at *3 (Bankr. C.D. Cal. Feb. 24, 2016) ("[T]he Court adopts the arguments set forth in the Debtor's Motion, Reply and the oral arguments of counsel stated on the record of the hearing[.]"). In so doing, the court rejects the United States' objection which the United States conceded during oral argument is largely the product of frustration rather than reasoned, reasonable, and rational

analysis.[3]  See Transcript at 26:22-24, 27:5-6.

Trustee compensation under 11 U.S.C. § 326(a) is presumptively reasonable and should be allowed absent extraordinary circumstances. <u>Fear v. United States Trustee (In re Ruiz)</u>, 541 B.R. 892, 896 (9th Cir. BAP 2015); <u>Hopkins v. Asset Acceptance LLC (In re Salgado-Nava)</u>, 473 B.R. 911, 921 (9th Cir. BAP 2012). The United States trustee's objection identifies extraordinary circumstances which it asserts warrant a reduction in the § 326(a) commission fees requested by the chapter 7 trustee.[4] The court must therefore "conduct a further inquiry to 'determine whether there exists a rational relationship' between the compensation requested and the services rendered." <u>Ruiz</u>, 541

---

[3] The frustration, as well as some anger and personal animosity, were apparent to the court in the tone of the United States' objection and in the voice of the Assistant United States Attorney who appeared for the United States.

[4] Generally, the extraordinary circumstances are the lack of an accounts receivable ledger, delay in the abandonment of USDA's collateral consisting of the debtor's accounts receivable, and a less than thorough investigation of investment property. Regarding the ledger, the court takes into account the difficulty of maintaining a traditional ledger in this case because substantially all of the debtor's receivables are electronically-stored medical records, held by a third-party, difficult and expensive to extract, require expertise to extract, and implicate HIPPA concerns upon extraction for collection, transfer, or sale. <u>See</u> Docket 903. Regarding abandonment, the court notes that the USDA was granted relief from the automatic stay based on its representation that it wanted to control and it intended to collect the receivables independent of the chapter 7 trustee, docket 283 at 2:10-15, and that the United States essentially conceded during oral argument that the USDA did not do much of either after stay relief was granted. <u>See</u> Transcript at 22:15-23. More precisely, the USDA obtained "some" electronic records and it elected to not pay to obtain all records. <u>Id.</u> USDA attempted to deflect its dereliction by dismissing its lack of effort as irrelevant. <u>Id.</u> at 18:8-20, 25:3-12, 24-25.

- 4 -

B.R. at 896 (quoting <u>Salgado-Nava</u>, 473 B.R. at 921).

The chapter 7 trustee sold the debtor's hospital and related assets in November 2016. The report of sale was filed on January 3, 2017. <u>See</u> Docket 381. During oral argument the United States conceded that the hospital sale was a benefit to the estate. Transcript at 30:21-22 ("I'm not arguing that there was no benefit up until December 2016. There was some benefit."). In a published opinion issued in the USDA's appeal from a surcharge order entered earlier in the case, the Ninth Circuit Bankruptcy Appellate Panel also recognized the benefit that the hospital sale provided to the estate and creditors. It stated:

> [The chapter 7 trustee] successfully orchestrated a sale of a substantial portion of Debtor's assets, and the record supports that the hospital thereafter reopened and hospital medical services resumed. The Trustee achieved excellent results in the case that benefitted both creditors and the citizens of Colusa County.

<u>United States Department of Agriculture v. Hopper (In re Colusa Regional Medical Center)</u>, 604 B.R. 839, 844 (9th Cir. BAP 2019). The BAP reiterated its "excellent results in the case" and "benefit" references by further stating that the hospital "sale was a valid exercise of the trustee's business judgment and was in the best interest of the estate[.]" <u>Id.</u> at 857.

Despite services the United States acknowledged were beneficial and results the BAP characterized as excellent, the United States asserts that there are five reasons why the chapter 7 trustee's commission fees should be denied in their entirety.[5]

---

[5]Asking the court to deny all commission fees and disallow compensation in its entirety after conceding that the chapter 7 trustee provided beneficial services to the estate, and after

See Transcript at 16:7.  The five reasons are identified in the United States' objection (and paraphrased) as follows:

    (1)    The chapter 7 trustee sold all the assets in November 2016 and spent the next three years in litigation with USDA over collateral which was over encumbered.  See Docket 876 at 15:6-12.

    (2)    USDA repeatedly asked the chapter 7 trustee to remove himself from the administration of USDA's collateral since at least February 2017.  See Id. at 15:20-21.

    (3)    Passive collection of the debtor's receivables deprived USDA of right to handle its collateral consistent with the stay relief the court granted.  See Id. at 16:21-22, 17:14-16, and 18:28-19:2.[6]

           Surcharge was a mistake that the Trustee knew, or should have none [sic], was wrong.  See Id. at 17:3.[7]

    (4)    Not maintaining the accounts receivable ledger required by the United States trustee's Handbook and/or not including an accounting of receivables with Form 2 of the Trustee's Final Report.  See Docket 876 at 17:20-18:17.

    (5)    Poor results in administration which is a summary of the prior four items.  See Id. at 18:18-19:13.

The United States' five reasons essentially boil down to an assertion that the USDA's collateral consisting of the debtor's receivables should have been administered differently and abandoned to the USDA earlier in the case.  Problem is, the United States has not explained how, if at all, any of the reasons negatively impact the compensation base on which the

---

obtaining a published opinion that acknowledges the same, is further indicia of a vindictive Assistant United States Attorney.

    [6]Passive collection occurred after the hospital sale.  See Id. at 8:14-17; see also Docket 864 at 3:7-14, 20:19-22.

    [7]The surcharge motion was filed on August 14, 2018.  See Id. at 6:21-22; see also Docket 516.

reduced compensation in the United States trustee's objection is based.[8] At best, all the United States offers is speculation that "it is almost certain" that the USDA would have achieved better results if it had control of the receivables earlier in the case. See Docket 876 at 17:14-16.[9]

Also noteworthy is that the acts that comprise the United States' five reasons occurred after the hospital sale. As the United States explained during oral argument, what happened in the case up to the point of the hospital sale is "really not the basis of [its] objection. It's what happened after November 2016." Transcript at 16:3-4. Based on that admission, the court is hard-pressed to understand how any of the five reasons have any relationship - rational or otherwise - to the chapter 7 trustee's pre-sale services and case administration which the United States acknowledges benefitted creditors and which the BAP described as excellent and in creditors' best interests.

On the other hand, the United States trustee's recommended

---

[8] The compensation base does not include the post-sale administration of receivables insofar as it excludes funds abandoned to the USDA in October 2018 ($100,740.32), June 2020 ($199,259.68), and July 2020 ($23,238.96). See Docket 845 at 5 n.1; see also Docket 876 at 12:15-18 (concurring with omission from compensation base). It also excludes "disbursements attributable to accounts collected after the Trustee filed his report of sale on January 3, 2017 (approximate disbursements of $89,201.69)." Docket 864 at 3:10-12. And it excludes disbursements of non-estate funds. Id. at 24:9-10. See also Id. at 25:2-3 & n.12.

[9] However, as noted in footnote 4, supra, the USDA was given control of the receivables after the hospital sold and it failed to exercise the full extent of that control. Even the BAP recognized that the USDA could have easily done so with very little effort and expense. See Colusa Regional Medical Center, 604 B.R. at 855 n.13.

- 7 -

reduction in the chapter 7 trustee's commission fees satisfies the rational relationship test for several alternative reasons. For example, as noted above, the United States trustee's objection is based on a reduced compensation base that eliminates receivables administered after the hospital sale and non-estate funds, and it recaptures post-sale disbursements related to investment property.

To the extent necessary, it is also entirely appropriate to allocate the reduced compensation recommended by the United States trustee to the chapter 7 trustee's administration of the case from his appointment, *i.e.*, June 7, 2016, through the filing of the hospital report of sale, *i.e.*, January 3, 2017. Indeed, this approach is consistent with the United States' assertion that the hospital sale was, in its view, the logical conclusion of the case. See Docket 876 at 20:8-10; see also Transcript at 17:16-18, 31:15-16. During that time period the chapter 7 trustee provided 288.20 hours of service. See Docket 848, Ex. A, at 1-41. Reduced compensation of $84,579.02 during that period translates to an effective hourly rate of $293.47. That is an entirely reasonable rate for services and case administration the United States acknowledges were beneficial and for results in the case which the BAP explained were excellent and in the best interest of creditors.[10]

---

[10]The United States' repeated assertion that the chapter 7 trustee's actions rendered the estate administratively insolvent are inaccurate. See Docket 876 at 13:1-7, 18:19, 19:6-17, 20:12. The chapter 7 trustee and the United States trustee anticipate a full distribution to unsecured priority wage claims and a partial distribution to unsecured priority tax claims. See Docket 900 at 2:25-28; see also Docket 870 at 8:12-18. The reduction in the

- 8 -

The United States trustee's objection is also consistent with Ruiz, Salgado-Nava, and In re Scoggins, 517 B.R. 206 (Bankr. E.D. Cal. 2014), which speak in terms of a *reduction* - rather than an outright *denial* - of the trustee's § 326(a) commission fees for extraordinary circumstances. See e.g., Ruiz, 541 B.R. at 895; Salgado-Nava, 473 B.R. at 914; Scoggins, 517 B.R. at 207, 227. Scoggins is particularly relevant for its examination of the interplay between §§ 326(a), 330(a)(1), and 330(a)(2) and its conclusion that these statutory provisions provide the bankruptcy court with authority to *reduce* a trustee's statutory commission fees for extraordinary circumstances. Scoggins, 517 B.R. at 207 & 227.

But the power that §§ 330(a)(1) and (a)(2) give the bankruptcy court to award commission fees in an amount less than the statutory maximum under § 326(a), *i.e.*, to reduce it, for extraordinary circumstances does not appear to include the power to deny commission fees in their entirety for the same reason as the United States requests. To reiterate, in addition to § 326(a), trustee compensation is governed by § 330. Scoggins, 517 B.R. at 210-11. And whereas § 330(a)(1) authorizes the court to award trustee compensation and § 330(a)(2) authorizes the court to "award compensation that is less than the amount of compensation that is requested," any reduced amount awarded remains "subject to sections 326, 328, and 329[.]" 11 U.S.C. §

---

chapter 7 trustee's commission fees will also now increase by approximately 61% the distribution to unsecured priority tax claims. See Docket 870 at 13:12-25; see also Docket 904 (noting that TFR filed September 13, 2021, is mooted by the reduction and a new TFR which increases distribution is required).

330(a)(1).

Section 326(d) expressly authorizes the court to "*deny* allowance of compensation . . . if the trustee failed to make a diligent inquiry into facts that would permit denial of allowance of compensation under section 328(c)." 11 U.S.C. § 326(d) (Emphasis added). Section 328(c), in turn, expressly authorizes the court to "*deny* allowance of compensation" if, at any time during the case, a professional is not disinterested, or represents, or otherwise holds an interest adverse to the estate. 11 U.S.C. § 328(c) (Emphasis added). Section 326(d) says nothing about a *denial* of the § 326(a) commission fees for any other circumstances- extraordinary or otherwise. And perhaps for good reason. Denying all § 326(a) commission fees is a harsh remedy generally reserved for an intentional or negligent failure to investigate and disclose conflicts which would have prevented the trustee's employment and, thence, compensation in the first instance. See Matter of BH&P, Inc., 119 B.R. 35, 44-45 (D.N.J. 1990); In re Grieb Printing Co., 297 B.R. 82, 88 (Bankr. W.D. Ky. 2003).

The point here is that the power to reduce an award of a trustee's § 326(a) commission fees for extraordinary circumstances must be exercised within the parameters of §§ 326(d) and 328(c) which limit the power to deny the § 326(a) commission fees to specific circumstances which the United States has not shown are applicable here. See In re Clemens, 349 B.R. 725, 731 n.22 (Bankr. D. Utah. 2006) ("As with the statutory cap under § 326(a), the Court must also consider the limitations of § 326(d) in determining whether requested fees are reasonable.").

By asking the court to altogether deny - rather than merely reduce - the chapter 7 trustee's § 326(a) commission fees on the basis of extraordinary circumstances the United States is effectively asking this court to override Congress through an exercise of its equitable powers by expanding the grounds under § 326(d) for which statutory commission fees requested under § 326(a) may be denied. The court declines to do so. Indeed, <u>Law v. Siegel</u>, 571 U.S. 415 (2014), teaches that the bankruptcy court may not use its equitable powers to operate outside the parameters of statutory limitations and thereby contravene express provisions of the Bankruptcy Code. <u>Id.</u> at 422-23. The Ninth Circuit very recently reaffirmed precisely that point in <u>Nichols v. Marana Stockyard & Livestock, Inc.</u>, 10 F.4th 956, 960-61 (9th Cir. 2021).

<u>Conclusion</u>

For the foregoing reasons, and for other good cause, as the court previously stated on the record on September 28, 2021, the United States trustee's objection will be sustained and the United States' objection will be overruled.

An appropriate order will issue.

Dated: October 12, 2021.

UNITED STATES BANKRUPTCY JUDGE

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Henry C. Kevane
150 California St 15th Fl
San Francisco CA 94111

J. Russell Cunningham
1830 15th St
Sacramento CA 95811

Jeffrey J. Lodge
2500 Tulare St #4401
Fresno CA 93721